# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1012V
(not to be published)

| | | |
|---|---|---|
| ANA SANCHEZ, | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| v. | * | Filed: October 24, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Lawrence R. Cohan*, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**[1]

On July 13, 2018, Ana Sanchez filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP"), after receipt of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on March 17, 2016. Petition (ECF No. 1) at 1.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The claim was litigated for several years, and after reviewing the evidence I set the matter for a hearing, which was held on September 15, 2021. I subsequently issued a decision denying entitlement to compensation. *See* Decision, dated March 11, 2022. ECF No. 57 (the "Decision"). Petitioner did not opt to appeal my determination.

Ms. Sanchez has not previously sought an award of attorney's fees and costs, and has now filed a motion for a final award of attorney's fees and costs. Motion, dated October 7, 2022 (ECF No. 60). Petitioner requests a total of $115,742.32 ($78,702.05 in fees plus $37,040.27 in costs) for the work of multiple attorneys, including Mr. Lawrence Cohan, Mr. David Carney, and a paralegal, from December 2017 to the present date. ECF No. 60 at 1–5.

Respondent reacted to the fees request on October 18, 2022. *See* Response, October 18, 2022 (ECF No. 62). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$113,468.92**.

## ANALYSIS

**I.    Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find there was sufficient objective basis to entitle him to a fees and costs award. Although there was some dispute as to diagnosis, I determined that Petitioner successfully established CIDP as her injury, based on reliable objective records. I did not also find, however, that the Tdap vaccine can cause CIDP—but this remains a reasonably-disputed issue in the Vaccine Program, and Petitioner offered objective proof along with a fair expert report to support her claim. Accordingly, the claim possessed sufficient reasonable basis to have been brought. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|---|---|
| **Lawrence Cohan (Attorney)** | - | $440.00 | $450.00[5] | $484.00 | $509.00 | $522.00 |
| **David Carney (Attorney)** | $290.00 | $315.00[6] | - | - | - | - |
| **Paralegal** | $135.00 | $135.00 | $145.00 | $145.00 | $145.00 | $155.00 |

ECF No. 60 at 8–11.

I have previously considered the rates of the same attorneys and legal professionals representing Petitioner in this case, and found them mostly reasonable. *See Marquis v. Sec'y of Health & Human Servs.*, No 15-659V, 2017 WL 2461372, at *1–2 (Fed. Cl. Spec. Mstr. Apr. 25, 2017) (reducing rate of Mr. Carney for work done during 2014–2017 from $290 per hour to $275 per hour); *Barton v. Sec'y of Health & Human Servs.*, No. 16-508V, 2017 WL 6334787, at *1–2 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (finding paralegal hourly rate of $135 for work performed in 2016 reasonable, finding Mr. Carney's hourly rate of $290 for work performed in 2017 reasonable, but reducing Mr. Carney's hourly rate to $275 for work performed in 2016). Moreover, the requested rates are for the most part consistent with what other special masters have recently

---

[5] Mr. Cohan also charged 13.8 hours at an hourly rate of $225.00 for travel in 2019. ECF No. 60 at 1.

[6] Mr. Carney also charged 13.9 hours at an hourly rate of $157.50 for travel in 2018. ECF No. 60 at 1.

awarded. *See, e.g.*, *Charneco v. Sec'y of Health & Human Servs.*, No. 17-458V, 2019 WL 3753290, at *2–3 (Fed. Cl. Spec. Mstr. July 18, 2019) (finding similar hourly rates of Mr. Carney ($275–$315), Mr. Cohan ($400–$450), and paralegals ($135) "consistent with what they have previously been awarded"); *Bartkus v. Sec'y of Health & Human Servs.*, No. 15-261V, 2019 WL 2067278, at 3 (Fed. Cl. Spec. Mstr. April 19, 2019) (finding the hourly rate of Mr. Cohan ($440) for 2018 reasonable).[7]

The rates requested for Mr. Carney and for the paralegal work are consistent with what they have previously been awarded, and I find no cause to reduce them in this instance. Three rates requested for Mr. Cohan's work merit an adjustment, however (and this is not the first time the Program has had to make such adjustments).[8] First, Petitioner requests that Mr. Cohan receive an hourly rate of $484 for work performed in 2020. This rate exceeds what has been previously awarded for his time for this particular year. *See, e.g.*, *Stout v. Sec'y of Health & Human Servs.*, No. 17-1077V, 2020, slip op. at 4 (Fed. Cl. Spec. Mstr. August 11, 2020). In *Stout*, I relied on the factors set forth in *McCulloch v. Health and Human Services*, No. 09-293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large) to award a slightly lower rate of $470.00 per hour for Mr. Cohan's work billed in 2020. I similarly reduced Mr. Cohan's fees to a rate of $470.00 in *Green* and *Randolph*. *See, e.g.*, *Green v. Sec'y of Health & Hum. Servs.*, No. 16-008V, 2021 WL 1010727, at *3 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); *Randolph v. Sec'y of Health & Hum. Servs.*, No. 18-1231V, 2020 WL 5909092, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2020). I accept the same rate herein. This reduces the attorney fees to be awarded by the amount of $179.20.[9]

Second, Petitioner requests that Mr. Cohan receive an hourly rate of $509 for work performed in 2021. Yet again, this rate exceeds what has been previously awarded for his time for this particular year. *See, e.g.*, *Gardner v. Sec'y of Health & Hum. Servs.*, No. 17-959V, 2022 WL 226800, at *2 (Fed. Cl. Spec. Mstr. Jan. 4, 2022); *Lesher v. Sec'y of Health & Hum. Servs.*, No. 17-1076V, 2021 WL 1526198, at *2 (Fed. Cl. Spec. Mstr. Mar. 17, 2021) (awarding him $484.00 for 2021). I accept the same $484 rate herein, further reducing the fees to be awarded by the amount of $2,015.00.[10]

---

[7] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

[8] On several prior occasions, present counsel has had a requested rate reduced to what he previously had been awarded. *See, e.g.*, *Charneco v. Sec'y of Health & Human Servs.*, No. 17-0458V, 2019 WL 3753290 (Fed. Cl. Spec. Mstr. July 18, 2019); *E.L. et al. v. Sec'y of Health & Human Servs.*, No. 16-1635V, Slip Op. *45, December 10, 2019; *Burkett et al. v. Sec'y of Health & Human Servs.*, No. 16-1267V, Slip Op. *51, January 22, 2020. Counsel should take care in the future to request rates commensurate with what he has previously received.

[9] This amount consists of $484.00 - $470.00 = $14.00 x 12.8 hrs = $179.20.

[10] This amount consists of $509.00 - $484.00 = $25.00 x 80.6 hrs = $2,015.00.

5

Finally, Petitioner requests that Mr. Cohan receive an hourly rate of $522 for work performed in 2022. Once more, this rate exceeds what has been previously awarded for his time for this particular year. *See Jansen v. Sec'y of Health & Hum. Servs.*, No. 18-0722V, 2022 WL 2270234, at *2 (Fed. Cl. Spec. Mstr. May 12, 2022) (awarding him $510.00 for 2022). I accept the same $510 rate herein, reducing fees for 2022 work by the amount of $79.20.[11] Thus, the total amount of reduction for Mr. Cohan's rate adjustments amounts to $2,273.40.[12]

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $37,040.27 in outstanding costs, including medical record retrieval costs, and costs associated with the work of a single expert, Frederick Nahm, M.D. ECF No. 60 at 23. Dr. Nahm testified at hearing and authored three expert reports (ECF Nos. 31-1, 42-1, 50-1), submitting an invoice for a total of $24,480.00 (with work performed at an hourly rate of $500.00). ECF No. 63 at 1. The total amount for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. *Id*.

In addition, Petitioner seeks costs associated with travelling for mediation sessions and the work of a neutral evaluator, Ms. LeeAnn Jones. ECF No. 60 at 5. This work was incurred at the express direction of the Office of Special Masters, which in 2019 attempted a pilot program of mandatory mediation in certain cases, and is thus reasonably reimbursed. *Id*. Ms. Jones submitted an invoice for $13,086.92 (at an hourly rate of $464.00 for 26.50 hours), and included travel expense reimbursement totaling $790.92. *Id.* at 45–56. The amount for her services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

---

[11] This amount consists of $522.00 - $510.00 = $12.00 x 6.6 hrs = $79.20.

[12] This was determined by adding up the total reduction: $179.20 + $2,015.00 + $79.20.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$113,468.92**, reflecting $76,428.65 in attorney's fees and $37,040.27 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Lawrence Cohan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[13]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.